# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DEBORAH MUNTZ, Individually and for Others Similarly Situated, | CASE NO. 4:17-cv-2855 |
| v. | FLSA COLLECTIVE ACTION |
| INSIGHT GLOBAL, LLC | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Insight Global, LLC failed to pay overtime as required by the Fair Labor Standards Act.

2. Instead, Insight Global paid Deborah Mutz, and other workers like her, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Mutz brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction. *See* 28 U.S.C. § 1331.

5. Venue is proper because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

6. Insight Global hired Mutz, a resident of Houston, Texas, to perform work in Houston, Texas.

7. Insight Global paid Mutz in this District and Division.

8. Insight Global maintains an office in this District and Division.[1]

---

[1] https://www.insightglobal.net/locations/

1

## THE PARTIES

9. Mutz was an hourly employee of Insight Global.

10. Her written consent is attached.

11. Mutz brings this collective action on behalf of all hourly employees of Insight Global who were paid "straight time for overtime" during the past 3 years.

12. Insight Global is a for-profit company.

13. Insight Global may be served with process by serving its registered agent.

## THE FACTS

14. Insight Global is a staffing company[2] that operates in states across the country.[3]

15. Insight Global is part of an "enterprise" within the meaning of the Fair Labor Standards Act (FLSA).

16. Insight Global had an annual gross volume of sales in excess of $10 million in each of the past 3 years.

17. Insight Global is part of enterprise that is engaged in commerce and/or in the production of goods for commerce.

18. Insight Global provides workers, like Mutz, to its clients across the United States.

19. Insight Global is an enterprise with dozens of workers who handle, sell, or otherwise work on goods or materials, such as phones, hand tools, automobiles, and computers, that have been moved in or produced for commerce.

20. Insight Global is subject to the requirements of the FLSA.

21. Insight Global performs substantial work in the Southern District of Texas.

---

[2] https://www.insightglobal.net/

[3] https://www.insightglobal.net/locations/

22. Insight Global regularly transacts business in the Houston Division of the Southern District of Texas.

23. This business includes hiring and paying Mutz for the work she performed in the Houston Division of the Southern District of Texas.

24. Mutz started working for Insight Global in 2014.

25. Mutz is still employed by Insight Global.

26. Insight Global employed Mutz as a contract analyst.

27. Mutz has been staffed to the same client of Insight Global for more than 3 years.

28. Insight Global paid Mutz by the hour.

29. Mutz reported the hours she worked to Insight Global on a regular basis.

30. Insight Global has accurate records of the hours Mutz worked.

31. Insight Global only paid Mutz for the hours she worked.

32. This fact can be shown by the face of Global Insight's payroll records.

33. In the week ending June 21, 2014, Mutz worked 34.5 hours.

34. For that week, Insight Global paid Mutz for 34.5 hours at her normal hourly rate.

35. In the week ending October 11, 2017, Mutz worked 38 hours.

36. For that week, Insight Global paid Mutz for 38 hours at her normal hourly rate.

37. In the week ending November 29, 2014, Mutz worked 32.75 hours.

38. For that week, Insight Global paid Mutz for 32.75 hours at her normal hourly rate.

39. In the week ending May 9, 2015, Mutz worked 37 hours.

40. For that week, Insight Global paid Mutz for 37 hours at her normal hourly rate.

41. But Mutz often worked more than 40 hours in a week.

42. In the week ending May 2, 2015, Mutz worked 44.5 hours.

43. For that week, Insight Global paid Mutz for 44.5 hours at her normal hourly rate.

44. In the week ending October 17, 2015, Mutz worked 51.75 hours.

45. For that week, Insight Global paid Mutz for 51.75 hours at her normal hourly rate.

46. In other words, Insight Global paid Mutz at the same hourly rate for all hours worked, including those over 40 in a workweek.

47. Thus, rather than receiving time and half as required by the FLSA, Mutz only received "straight time" pay for overtime hours worked.

48. This "straight time for overtime" payment scheme violates the FLSA.

49. Insight Global has been well aware of the overtime requirements of the FLSA since at least 2012.

50. Starting in 2009 (at the latest), Insight Global has been sued for violating of the FLSA.

51. Insight Global has been sued for FLSA violations no fewer than 4 times.

52. Insight Global has also been investigated by the United States Department of Labor on more than 1 occasion.

53. In 2015, the Department of Labor found Insight Global had violated the FLSA.

54. In addition, on information and belief, Insight Global pays overtime to certain "in-house" hourly staff (such as secretaries and receptionists).

55. Insight Global nonetheless failed to pay certain hourly employees, such as Mutz, overtime.

56. Insight Global's failure to pay overtime to Mutz, and the other workers like her, was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

57. Insight Global's illegal "straight time for overtime" policy extends well beyond Mutz.

58. Insight Global's "straight time for overtime" payment plan is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *See, e.g., Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

4

59. Insight Global has paid dozens, if not hundreds, of workers according to the same unlawful scheme.

60. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

61. The workers impacted by Insight Global's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

62. Therefore, the class is properly defined as:

**All employees paid according to Insight Global's "straight time for overtime" scheme in the past 3 years.**

## CAUSE OF ACTION

63. By failing to pay Mutz and those similarly situated to her overtime at one-and-one-half times their regular rates, Insight Global violated the FLSA's overtime provisions.

64. Insight Global owes Mutz and those similarly situated to her the difference between the rate actually paid and the proper overtime rate.

65. Because Insight Global knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Insight Global owes these wages for at least the past three years.

66. Insight Global is liable to Mutz and those similarly situated to her for an amount equal to all unpaid overtime wages as liquidated damages.

67. Mutz and those similarly situated to her are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Mutz prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

2. Judgment awarding Mutz and those similarly situated to her all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Mutz and those similarly situated to her may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com

DocuSign Envelope ID: 82A0225B-97F6-46C0-AB25-4EA18106CC29

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Deborah Mutz__

1. I hereby consent to participate in a collective action lawsuit against **Insight Global** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Deborah Mutz_ (DocuSigned by: B7F736C0438E4E5...)   Date Signed: _7/17/2017_